IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PASTOR RAMOS ROMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO,<br><br>    Defendant,<br><br>    v.<br><br>UNIVERSIDAD CARLOS ALBIZU, INC.,<br><br>  Third-party defendant. | Civil No. 08-1378 (GAG/CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

The events in this federal action originated because of a Title VII complaint by plaintiff Pastor L. Ramos-Román (hereinafter "Ramos-Román") against the Commonwealth of Puerto Rico (hereinafter "the Commonwealth") for sexual harassment and hostile work environment for having complained of harassment by one Grisel Negrón (hereinafter "Negrón"), an employee of Universidad, which was under contract with the Department of Corrections of the Commonwealth to provide education services to its employees. These services were provided at the Ramos and Morales Academy.

Plaintiff Ramos-Román filed the initial complaint against defendant the Commonwealth which in turn filed a third-party complaint against Universidad Carlos Albizu, Inc. (hereafter "Universidad").

On May 4, 2009, Universidad filed a Motion to Dismiss on grounds the contract cited by third-party plaintiff the Commonwealth, as the basis of the claim against said party, was not the one submitted with the Third-Party Complaint and did not contain the indemnity clause referred to support the Commonwealth's claims against said third-party defendant. (Docket No. 49).

Third-party plaintiff Commonwealth filed an opposition to third-party defendant Universidad's request for dismissal succinctly acknowledging the grounds raised in its third-party complaint against the third-party defendant Universidad did not refer to the proper contract nor the clauses therein cited as to indemnity were applicable, for which reason the basis for its third-party complaint was inadequate. The Commonwealth also included a request for leave to file an amended third-party complaint so as to accompany the proper contract between the parties which gives grounds for its claim against Universidad. (Docket No. 60).

Third-party defendant Universidad thereafter submitted a reply indicating even the leave to file an amended third-party complaint will not assist third-party plaintiff Commonwealth since the corresponding contract between the parties does not contain an indemnity clause. (Docket No. 65). Universidad claims the action against it is not for discrimination but for indemnity. Thus, in the absence of an indemnity clause in the contract between the parties, the complaint should not be allowed.

Furthermore, third party defendant Universidad avers it was not included as a party before the administrative action with the Equal Employment Opportunity Commission ("EEOC") filed by Ramón-Román against defendant the Commonwealth, as to the sexual

harassment claim. Thus, Universidad did not receive notice of the charge and had no opportunity to participate in the conciliation process. As such, it is barred to be now included in this federal action. Thus, being the claim filed by Ramos-Román against the Commonwealth a Title VII claim as to which no administrative claim was filed as to Universidad, said third party defendant may not be brought before this court for having failed to exhaust the appropriate administrative proceedings.

The parties have consented to jurisdiction of this United States Magistrate Judge.

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[1] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); see Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); see also Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[2]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations,

---

[1] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

[2] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

A motion to dismiss based for the most part upon forum-selection is treated as one alleging the failure to state a claim for which relief can be granted. Fed.R.Civ.P. 12(b)(6); Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-388 (1st Cir. 2001).

**LEGAL DISCUSSION**

**A.   Lack of Indemnity Clause.**

Succinctly, as above mentioned, this federal action originated because of a Title VII complaint by plaintiff Ramos-Román against the Commonwealth for sexual harassment and hostile work environment by Negrón, an employee of Universidad, which was under contract with the Department of Corrections of the Commonwealth to provide education services to its employees. The contract between the Commonwealth and the Universidad which was introduced with the third-party complaint initially argued the Universidad was liable for having an indemnity clause for the services rendered to the Commonwealth. Upon the filing of a motion to dismiss by third-party defendant Universidad, as well as the opposition and replies, it can be concluded and now accepted the contract initially filed was not the one which applied.

A third-party plaintiff claiming a contractual right of indemnity against a third-party defendant must establish the existence of a written agreement wherein the third-party defendant has clearly and unequivocally agreed to indemnify the third-party plaintiff against the specific liability claimed.

A court should not rewrite contracts, especially if the two contracting parties are two corporations acting at arms length.

Even upon the existence of an indemnity clause, the modern rule is that contracts of indemnity are to be fairly and reasonably construed in order to ascertain the intention of the parties and to effectuate the purpose sought to be accomplished. MacGlashing v. Dunlop Equipment Co., Inc., 89 F.3d 932 (1st Cir. 1996).

A review of the Commonwealth's request to file an amended third party complaint with the corresponding and applicable contract shows there is no indemnity clause to support the claim as to Universidad. Simply stated, there is no applicable indemnity contract provision as to the Commonwealth and Universidad, not even a standard one.

There is only in this case a contract clause which states according to third-party defendant and not otherwise contradicted by third-party plaintiff that:

> "----EIGHTEENTH: DISCRIMINATION: The CAU promises not to engage
> in discrimination on the basis of race, color, sex, origin, social status, political
> or religious views, disability or any other type of discrimination prohibited
> by law while providing the services contracted herein."

Although third-party defendant Universidad states above clause would allow a possible discrimination action, the claim by the Commonwealth against Universidad was

previously determined by the Court not a discrimination claim but rather an indemnity claim.[3]

Accordingly, in the absence of such a clause in the contract between the parties, Universidad may not be included as a third-party defendant.[4]

**B.    Leave to File Amended Complaint**.

As above stated, the Commonwealth requested leave to amend the third-party complaint to submit same under the relevant and pertinent contract. (Docket No. 60). Third-party defendant Universidad submits the amended third-party complaint, if an indemnity action, will still fail since there is no indemnity clause thereunder. We agree with Universidad as above explained because the contract submitted shows the lack of an indemnity clause. Accordingly, the motion for leave to amend the third-party complaint is **DENIED**. (Docket No. 60).[5]

**C.    Failure to Include Universidad as Party to Administrative Claims.**

In the alternative, the third party complaint (if not an indemnity action but a Title VII claim) will not prosper against third party defendant Universidad because no administrative claim was filed as to Universidad. Hence, said third party defendant may

---

[3] On January 19, 2009, the court ruled on a motion to dismiss filed by Universidad for not being included in the administrative action before the EEOC ( a requisite to a Title VII action) finding the third-party complaint, read in the light most favorable to the Commonwealth, pleaded an indemnity claim.

[4] *See* Cyr v. B. Offen & Co., Inc., 501 F.2d 1145 (C.A.N.H. 1974) (one of the contracts contained indemnity clause but the other did not, where injury to workman was caused by machinery listed in contract which did not contain indemnity clause, manufacturer was not entitled to indemnification from the printing firm).

[5] Fed.R.Civ.P. 14(a) requires leave of the court to serve a third-party complaint more than ten (10) days after an answer is served, it imposes no time bar.

not be brought before this court for having failed to exhaust the appropriate administrative proceedings. We briefly explain.

Plaintiff Ramos-Román filed a Title VII claim as to defendant Commonwealth, in addition to claims under Law no. 17 and Law No. 100 regarding state prohibition of discrimination. The third-party defendant Universidad was not a party to the administrative proceeding regarding the claims of sexual harassment and discrimination. The Administration of Correction notified Universidad of a grievance procedure plaintiff Ramos-Román had filed, concluding with an investigation that Negrón had harassed plaintiff. Universidad nor its agents participated in the grievance proceeding.

Title VII claims are usually dismissed upon failure to exhaust remedies since not bring administrative claims before the Equal Employment Opportunity Commission bars such federal action. 42 U.S.C.A. §2000e-5(e). A plaintiff could not proceed under Title VII without first exhausting administrative remedies. Lebrón-Ríos v. U.S.Marshal Service, 341 F.3d 7, 13 (1st Cir. 2003); Bonilla v. Muebles J.J.Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). Dismissal is generally preferred without prejudice. Weber v. Cranston School Committee, 212 F.3d 41 (1st Cir. 2000).

Thus, since no administrative proceedings were exhausted as to third party co-defendant Universidad for the claims raised by plaintiff under Title VII,[6] the third-party

---

[6] Although there may be some common liability of third-party plaintiff and third-party defendant for the discriminatory actions, the third-party defendant must be at least partially responsible for the same injury to the same plaintiff, and had the principal plaintiff so chosen, he must have been able to make out a claim against said third-party defendant. Upon lack of failure to exhaust under the requisites of Title VII, plaintiff Ramos-Román would not be able to assert the claim directly as to third-party defendant Universidad and thus, neither could third-party plaintiff, the Commonwealth.

Case 3:08-cv-01378-CVR   Document 66   Filed 05/29/09   Page 8 of 10

Pastor L. Ramos-Román v. Commonwealth, et al.
Civil No. 08-1378(GAG-CVR)
Opinion and Order
Page No. 8

complaint (if not an indemnity action but a Title VII claim) would require dismissal, without prejudice.[7]

**D.     Other Grounds.**

Finally, we note the parties failed to argue on whether a contractual right to indemnity may be implied. Such indemnity is implied when there are unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility for the plaintiff's safety, or when there is a generally recognized special relationship between the parties. The Supreme Court has found a right to contribution to exist under federal maritime law. *See* McDermott, Inc. v. AmClyde, 511 U.S. 202, 114 S.Ct. 1461, 1470 (1994)  This theory of implied contractual indemnity was first applied in the maritime context when implied warranty of workmanlike services are applied to non-stevedoring contracts with a shipowner.  Such is not the situation in the instant case.

We further note third-party plaintiff Commonwealth has not made a claim for breach of contract for third-party defendant Universidad breaching the prohibition not to discriminate.  This was not a cause of action proffered by third-party plaintiff Commonwealth as grounds for its amended complaint nor has the Commonwealth even prompted any other cause of action against Universidad when requesting  leave to file an amended third-party complaint.[8]

---

[7] In a Title VII case a plaintiff's unexcused failure to exhaust administrative remedies effectively bars the courthouse door.  Jorge v. Rumsfeld, 404 F.3d 556 (1st Cir. 2005).

[8] As a joint tortfeasor in the breach of a duty set forth in the contract between the parties not to discriminate, Universidad may be liable for contribution towards the Commonwealth, once and if it is bound to a judgment as to plaintiff Ramos-Román.

Under Rule 14(a) of the Fed.R.Civ.P., which authorizes a defendant to bring a third-party suit against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against him", a third-party defendant may not be impleaded merely because he may be liable to the plaintiff. Owen Equipment & Erection Co. V. Kroger, 437 U.S. 365, 368, n. 3 (1978) (the third-party defendant, under Rule 14(a) must be derivative of the plaintiff's claim, for derivative liability is central to the operation of said rule).

Title VII anti-discrimination provisions do not provide a right of contribution. Ordinarily, when Congress has explicitly provided a remedial scheme for a statute, and chosen to omit a right of contribution, the presumption is that a court should not imply one. *See* Texas Indus., Inc. V. Radcliff Materials, Inc., 451 U.S. 630, 639-40, 101 S.Ct. 2061 (1981) (no right of contribution created in the Sherman or Clayton Act to indicate Congress considered contribution available to defendants in antitrust action). *See* Northwest Airlines, Inc. V. Transport Workers Union, 451 U.S. 77, 101 s.Ct. 1571 (1981) (refusal to find a right to contribution in favor of an employee against a union where the employer's liability was based on Title VII).

## CONCLUSION

In view of the foregoing, the Commonwealth's request for leave to file amended third-party complaint is **DENIED**. (Docket No. 60).

The Motion to Dismiss filed by Universidad is **GRANTED**. (Docket No. 49). The third-party complaint filed by Commonwealth against Universidad is **DISMISSED**, without prejudice.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 29th day of May of 2009.

                                              s/**CAMILLE L. VELEZ-RIVE**
                                              **CAMILLE L. VELEZ-RIVE**
                                              **UNITED STATES MAGISTRATE JUDGE**