IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PASTOR RAMOS ROMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO,<br><br>    Defendant,<br><br>    v.<br><br>UNIVERSIDAD CARLOS ALBIZU, INC.,<br><br> Third-party defendant,<br> Third-party plaintiff,<br><br>    v.<br><br>GRISEL M. NEGRON-RODRIGUEZ,<br><br>  Third-party defendant | Civil No. 08-1378 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

This federal action stems from plaintiff Pastor L. Ramos-Román (hereinafter "Ramos-Román") against the Commonwealth of Puerto Rico (hereinafter "the Commonwealth") for sexual harassment and hostile work environment for having complained of harassment by third-party defendant Griselle M. Negrón-Rodríguez (hereafter "Negrón"). Negrón was at the time an employee of Universidad Carlos Albizu,

Inc. (hereafter "Universidad")[1] which was under contract with the Department of Corrections of the Commonwealth of Puerto Rico[2] to provide education services to its employees, including plaintiff Ramos-Román. Plaintiff Ramos-Román filed his Amended Complaint against defendant the Commonwealth which in turn filed on December 4, 2008, a Third-Party Complaint against Universidad Carlos Albizu, Inc. (hereafter "Universidad").

The original Third-Party Complaint was dismissed through Opinion and Order of May 29, 2009 (Docket No. 66).

On August 25, 2009, the Commonwealth filed an Amended Third-Party Complaint against Universidad seeking recovery in whole for any liability the Commonwealth might have towards plaintiff Ramos-Román upon its breach of duty under the contract signed between the parties which required not to engage on any type of discrimination prohibited by law while providing the services contracted. (Docket No. 74). Said Amended Third-Party Complaint avers the Department of Correction and Universidad entered into a contract to provide assistance and consulting services as to an Academy for Employees of the Department of Correction. Under said contract, Universidad's staff would work directly with the Ramos and Morales Academy's ("the Academy") employees on certain projects. Plaintiff Ramos-Román worked at the Academy. Universidad had contracted third-party defendant Negrón to work at the Academy and rendered services under the contract.

---

[1] Universidad Carlos Albizu, Inc. is a non-profit corporation organized under the laws of the Commonwealth of Puerto Rico.

[2] The Commonwealth of Puerto Rico is a self-governing unincorporated territory of the United States and the Department of Correction and Rehabilitation, plaintiff's direct employer, is considered an arm or *alter ego* of the Commonwealth.

Plaintiff Ramos-Román complained of sexual harassment by Negrón, a discrimination prohibited by federal law.

On November 3, 2009, Universidad filed a Third-Party Complaint against Negrón, as an indispensable party, for she may be liable to Universidad for all or part of the claim filed against same. (Docket No. 79).

Negrón then filed the Motion to Dismiss both as to the Commonwealth and in consequence thereof as to the Universidad under Eleventh Amendment immunity of above plaintiff's Amended Complaint as to violation of Title VII of the Civil Rights Act of 1964 for retaliation and sexual harassment. (Docket Nos. 114). Thereafter, Third-Party Defendant Universidad filed a pleading entitled "Memorandum" which, although not making an appearance nor stating it had joined Negrón's request for dismissal, reiterates the grounds to dismiss under Eleventh Amendment immunity any claim filed by plaintiff for monetary damages. (Docket No. 117). Plaintiff Ramos-Roman filed a joint opposition. (Docket No. 119).

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for summary judgment.[3] Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly,

---

[3] Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).[4]

To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

A motion to dismiss based for the most part for failure to state a claim for which relief can be granted, requires that all the allegations of the complaint be deemed true. Fed.R.Civ.P. 12(b)(6).

**LEGAL DISCUSSION**

**I.   ELEVENTH AMENDMENT.**

Third-Party defendant Universidad submits, similar to the initial third-party defendant Negrón's contention that, the Commonwealth of Puerto Rico and the Department of Correction (as its instrumentality or *alter ego* thereof) are an arm of the

---

[4] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

state government, and as such, any suit for money damages filed by plaintiff Ramos-Román should be dismissed under Eleventh Amendment immunity.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This provision has been authoritatively interpreted to safeguard States from suits brought in federal court by their own citizens as well as by citizens of other States. *See, e.g.*, Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347 (1974); Rosie D. Ex rel. John D. v. Swift, 310 F.3d 230, 233 n. 2 (1st Cir. 2002).

Still, Eleventh Amendment immunity may be waived or abrogated by Congress under certain limited circumstances.

First and foremost, Negrón's arguments are legally unsound as to Eleventh Amendment for Title VII abrogated the states Eleventh Amendment immunity.

Title VII defines an employer – as would be the Commonwealth and/or its instrumentality the Department of Corrections– as "a person who is engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person." See Title 42, United States Code, Section 2000e(b). A "state" may be such a person and the Commonwealth is considered for all purposes as a state. Jusino Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000).

Congress, which originally enacted Title VII as part of the Civil Rights Act of 1964, Pub.L. No. 88-352, 78 Stat. 241, 253 (1964), amended the law in 1972 to include public

employers. In 1991, the available remedies against the States were expanded, allowing then besides equitable relief, also compensatory damages. See Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071 (1991) (codified in Title 42, United States Code, Section 1981(a)(1). *See* Espinal-Domínguez v. Commonwealth of Puerto Rico, 352 F.3d 490 (1st Cir. 2003) (the Commonwealth acknowledged that it is subject to federal court suit with respect to remedies under Title VII except for its opposition to compensatory damages. The Appeals Court dismissed for want of appellate jurisdiction for final judgment had not been entered and interlocutory appeal was unavailable).

Likewise, the Supreme Court held in Fitzpatrick v. Bitzer, 427 U.S. 445, 452 96 S.Ct. 2666, 2669 (1976), that in enacting the 1972 amendments to Title VII, Congress intended to override the states' Eleventh Amendment immunity. It noted the statute made unequivocal reference to availability of private action against state and local governments. *See* Ramírez v. Puerto Rico Fire Service, 715 F.2d 694 (1st Cir. 1983).[5] One of the purposes of the Civil Rights Act of 1991 was to expand the remedies of Title VII to include compensatory damages against any employer, including state employers, and that overriding the Eleventh Amendment in such case would serve the purpose of punishing and deterring states from violating constitutional equal protection guarantees. Deborah F. Buckman, J.D., *Award of compensatory damages under 42 U.S.C.A. §1981a for violation of Title VII of Civil Rights Act of 1964*, 154 A.L.R.Fed 347, §11.

---

[5] *See* Pérez v. Región 20 Educ. Serv. Ctr., 307 F.3d 318, 326 n. 1 (5th Cir. 2002) (we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII).

Accordingly, third-party defendant Negrón's claims as to Eleventh Amendment immunity, allowing dismissal of plaintiff's Ramos-Roman's claims against the Commonwealth and against Universidad for Title VII violations, are not supported.[6]

## II. Failure to Exhaust Administrative Remedies.

Third-party defendant Negrón also submits as additional grounds for dismissal that plaintiff Ramos-Román failed to include an allegation of sexual harassment in his discrimination charge with the EEOC. The only charge administratively filed against the employer, the Administration of Correction, was for retaliation, as Negrón submits it appears with the record in a previous request for summary disposition of the original complaint. (Docket No. 11, Exhibit 2). Thus, Negrón submits that, since it is a pre-requisite to the filing of Title VII claims in federal court for a plaintiff to exhaust administrative remedies, the harassment claims should be dismissed for failure to exhaust.

Plaintiff's opposition in regard to the exhaustion of administrative claims submits the EEOC form does not provide any box to designate a claim as one for sexual harassment. However, the body of the charge filed described therein the sexual harassment plaintiff has claimed to have endured for which the failure to exhaust alleged by Negrón lacks merit.

In addition, a perusal of the same Exhibit 2, to Docket No. 11, referred by third-party defendant Negrón shows reference to an initial discrimination act of 3-01-2005 and to the latest one of retaliation therein claimed on 09-21-2006 when the document was filed with

---

[6] Likewise, defendant Universidad reiterated the averments above as to the Administration of Correction in its Memorandum, its position is also elucidated in this opinion and the same ruling applies insofar that no Eleventh Amendment immunity is warranted as to Title VII claim. Still, any retaliation claim would not be applicable as to this co-defendant Universidad. (Docket No. 117).

the EEOC. The body of the retaliation claim also shows plaintiff Ramos-Román made reference to having made a complaint for sexual harassment. *EEOC Charge of Discrimination, 515-2006-00358.*[7]

Further, for a motion to dismiss to be granted, the allegations of the complaint are to be taken as true upon examining well-pleaded facts . *See* Tellabs, Inc. V. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007); S.E.C. v. Papa, 555 F.3d 31 (1st Cir. 2009). The allegations in the Complaint in the instant case provide that on March of 2005 plaintiff Ramos-Román filed discrimination charges before the EEOC for sexual harassment. (Original Complaint ¶4). On September 21, 2006, plaintiff Ramos-Román filed additional charges for retaliation with the EEOC. (Id. ¶¶11-2). These averments were reiterated in the Amended Complaint that was filed on August 7, 2008. (See Docket No. 6, Amended Complaint, III, 3.1, 3.2, 3.3).

Thus, taking the well-pleaded allegations of the complaint as true in regards to the exhaustion of administrative claims for sexual harassment and retaliation, the request for dismissal on such grounds, at this juncture, is not warranted. Illinois, ex rel. Madigan v. Telemarketing Associates, Inc., 538 U.S. 600, 123 S.Ct. 1829 (2003).

## III. **Liability for Retaliation**.

Third-Party defendant Negrón has also claimed Universidad nor Negrón may be held liable for conduct that is only attributed to the Commonwealth as to plaintiff Ramos-Román's claims of retaliation. The Amended Complaint evidences such acts of retaliation

---

[7] As part of the record, there is also a letter dated August 24, 2006, from the Administration of Corrections, making reference to a complaint for sexual harassment under 04-11-2308 AC. (Docket No. 60-3).

are solely charged against the Commonwealth. (Docket No. 6, Amended Complaint ¶7, 5.11). Since neither Universidad nor Negrón were plaintiff Ramos-Román's employer nor supervisors, any retaliatory actions described in the complaint did not involve these parties.

The Amended Complaint states:

5.10 Notwithstanding Ramos' sexual harassment complaints, the Commonwealth failed to take any adequate action to stop or correct the harassment. Ramos' supervisors at the Academy simply instructed him to refrain from being in Negron's presence.

5.11 Instead of taking any corrective action, the Commonwealth took retaliatory measures against Ramos for having complained of sexual harassment. Some examples follow:

A. The AC imposed upon Ramos unreasonable restrictions in the worksite, such as requiring Plaintiff to stay inside his office, depriving him of access to campus and not allowing him to visit the Library.
B. Ramos received unjustified unsatisfactory performance evaluations.
C. Ramos was deprived of salary increases.
D. Ramos was the object of mockery and ridicule by other managerial co-employees, who joked that he should have succumbed to Negrón's sexual advances and referred to him as a homosexual.
E. Ramos was ostracized: other employees were prohibited from having any contact with him; he was not invited to Academy meetings; and he was not provided with any information regarding Academy administration matters.
F. Ramos was stripped of his duties as Academic Director.
G. On or about March of 2007, Ramos was discriminatorily removed from his position as Academic Director and unfavorably transferred to work at the "Cucharas" Maximum Security Prison, in Ponce, where he was not given a job description and performed duties unrelated to his career position.

5.12 On September 1, 2006, Ramos complained of retaliation to the AC, which failed to take any corrective action.

5.13 Almost 15 months after Ramos presented his internal formal complaint of sexual harassment, the Administrator of the AC, Miguel Pereira, issued an opinion where he found that the sexual harassment had occurred but decided to close the case.

> 5.14 As result of the hostile work environment and rigorous terms and conditions of employment to which Rivera was subjected by the Commonwealth, he felt offended, humiliated, uncomfortable, bothered, anxious, depressed, angry, intimidated and emotionally unstable at the work place. Defendant's unlawful discriminatory practices have caused Plaintiff to suffer the damages stated hereinafter."

(Docket No. 6, Amended Complaint).

Plaintiff Ramos-Román nor third-party plaintiff Universidad's memorandum have opposed above contention by Negrón that the causes of action for retaliation are not attributable to Negrón nor to Universidad. (Docket No. 6, Amended Complaint, ¶¶5.10-5.14).

Thus, it is clear from the above discussed that third-party co-defendants Universidad and Negrón are entitled to dismissal of any claim for retaliation by plaintiff Ramos-Román.

**IV.    Lack of Liability of Third Party Defendant.**

Third-Party defendant Negrón claims that, upon lack of a sexual harassment claim for plaintiff's failure to exhaust administrative remedies as claimed above, there should be no sexual harassment against her.

Above discussion as to the sexual harassment being properly exhausted, as per the well-pleaded allegations of the Amended Complaint, precludes this line of discussion for which dismissal is not appropriate for lack of liability as to the sexual harassment claim in the Amended Complaint. Thus, Negrón is not entitled to dismissal for lack of liability.

**CONCLUSION**

In view of the foregoing, the third-party defendants' Motion to Dismiss (Docket No. 114) is **GRANTED IN PART and DENIED IN PART** as follows:

- GRANTED as to any claims of retaliation which could be attributable to Universidad or to Negrón.

- DENIED for lack of liability of third-party defendants for sexual harassment claims against Universidad and Negrón.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 26th day of August of 2010.

                                     s/**CAMILLE L. VELEZ-RIVE**
                                     **CAMILLE L. VELEZ-RIVE**
                                     **UNITED STATES MAGISTRATE JUDGE**