IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PASTOR RAMOS-ROMAN,<br>    Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO,<br>    Defendant,<br><br>v.<br><br>UNIVERSIDAD CARLOS ALBIZU,<br>INC.,<br>    Third-party defendant,<br>    Third-party plaintiff,<br><br>v.<br><br>GRISEL M. NEGRON-RODRIGUEZ,<br>    Third-party defendant | Civil No. 08-1378 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Pastor L. Ramos-Román (hereinafter "Ramos-Román") filed a complaint against the Commonwealth of Puerto Rico (hereinafter "the Commonwealth") for sexual harassment and hostile work environment for having complained of harassment by third-party defendant Griselle M. Negrón-Rodríguez (hereafter "Negrón"). Negrón was at the time an employee of Universidad Carlos Albizu, Inc. (hereafter "Universidad")[1] which was under contract with the Department of Corrections of the Commonwealth of Puerto Rico[2] to provide education services to its employees, including plaintiff Ramos-Román. Plaintiff

---

[1] Universidad Carlos Albizu, Inc. is a non-profit corporation organized under the laws of the Commonwealth of Puerto Rico.

[2] The Commonwealth of Puerto Rico is a self-governing unincorporated territory of the United States and the Department of Correction and Rehabilitation, plaintiff's direct employer, is considered an arm or *alter ego* of the Commonwealth.

Ramos-Román filed his Amended Complaint against his employer, defendant the Commonwealth and the Administration of Corrections, which in turn filed on December 4, 2008, a Third-Party Complaint against Universidad Carlos Albizu, Inc. (hereafter "Universidad"). After the original Third-Party Complaint was dismissed through Opinion and Order of May 29, 2009 (Docket No. 66), the Commonwealth filed on August 25, 2009, an Amended Third-Party Complaint against Universidad seeking recovery in whole for any liability the Commonwealth might have towards plaintiff Ramos-Román upon its breach of duty under the contract signed between the parties which required Universidad not to engage on any type of discrimination prohibited by law while providing the services contracted. (Docket No. 74). Said Amended Third-Party Complaint avers the Department of Correction and Universidad entered into a contract to provide assistance and consulting services as to an Academy for Employees of the Department of Correction. Under said contract, Universidad's staff would work directly with the Ramos and Morales Academy's ("the Academy") employees on certain projects. Plaintiff Ramos-Román worked at the Academy. Universidad had contracted third-party defendant Negrón to work at the Academy and to render teaching services. Plaintiff Ramos-Román complained of sexual harassment by Negrón, a discrimination prohibited by federal law.

On November 3, 2009, Universidad filed a Third-Party Complaint against Negrón, as an indispensable party, for she may be liable to Universidad for all or part of the claim filed against same. (Docket No. 79). On August 26, 2010, through Opinion and Order (Docket No. 123), the Court denied Negrón's Motion to Dismiss as to both, the

Commonwealth and in consequence thereof as to the Universidad under Eleventh Amendment immunity of Ramos-Román's Amended Complaint –for violation of Title VII of the Civil Rights Act of 1964 for retaliation and sexual harassment (Docket Nos. 114)-- and the Third-Party Defendant Universidad's pleading -- "Memorandum" which reiterated the grounds to dismiss under Eleventh Amendment immunity any claim filed by plaintiff for monetary damages (Docket No. 117)--, as well as plaintiff Ramos-Román's joint opposition (Docket No. 119). The Opinion and Order denied as to exhaustion of administrative claims for sexual harassment and retaliation, as well as Eleventh Amendment immunity upon finding that, as to Title VII claims, state immunity had been abrogated by Congress. Third-party defendant Negrón had also requested dismissal for lack of liability under the premise of failure to exhaust administrative proceedings. Dismissal was granted, however, as to retaliation claims against third-party plaintiff Universad and third-party defendant Negrón.

Now pending before this Magistrate Judge is third-party defendant Negrón's Motion for Summary Judgment as to the Third Party Complaint filed by Universidad. It includes an attached statement of uncontested facts. (Docket Nos. 138 and 138-1). On March 25, 2011, third-party plaintiff Universidad filed an opposition with a Statement of Uncontested Facts. (Docket Nos. 146 and 147).[3]

---

[3] Also pending is the Motion for Summary Judgment filed by defendant the Commonwealth of Puerto Rico. (Docket No. 135). Plaintiff was granted until March 30, 2011 to file its reply. (Docket No. 141). The issues raised in these motions will be entertained in separate Opinion and Order.

As grounds for summary disposition of claims, third-party defendant Negrón submits she is not liable as to third-party plaintiff Universidad under any theory since the Third Party Complaint failed to make an allegation there is such a liability contract between Negrón and Universidad wherein a prohibition to discriminate existed and it was violated and neither is there an allegation by Universidad as to any indemnity agreement, express or implied with Ms. Negrón and Universidad. (Docket No. 138).

The opposition filed by third-party plaintiff Universidad fails to discuss the legal contention raised by Negrón. Instead Universidad's opposition states movant Negrón has been unable to establish there are no genuine issues of material fact in controversy that would entitle her to the relief requested. Said opposition is predicated in that Ms. Negrón worked for Universidad under temporary contracts which were renewed. In said temporary employment contract Negrón had signed with Universidad was included that she held to: "commit to comply with all rules and regulations as well as institutional policies". In turn, the employee's manual stating the institutional policies, which Ms. Negrón had acknowledged to have received, established a policy prohibiting sexual harassment. In addition to having signed and receiving the sexual harassment policies and the employee's manual, Ms. Negrón had also received continuous education from Universidad in regards to sexual harassment. Third-party plaintiff submits these events contradicted Ms. Negrón's averments as to lack of contract, establishing issues of material facts in controversy which defeat the request for summary disposition.

The parties previously consented to jurisdiction by a United States Magistrate Judge, for which summary judgment as requested by third-party defendant Negrón is further discussed.

**STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).[4]

Pursuant to the language of the applicable rule, as amended in 2010, the party bears the two-fold burden of showing that there is "no genuinely disputed." The party may also sow that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997) since the standards for granting summary judgment remains unchanged under the 2010 amendments.

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it

---

[4] On April 28, 2010, the Supreme Court of the United States approved amendments to Federal Rule of Civil Procedure 56, effective December 1, 2010. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases. *See* Ophthalmic Surgeons, Ltd. v. Paychecx, Inc., 632 F.3d 31 (1st Cir. 2011).

potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

At all times during consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

## FINDINGS OF FACT

### A. UNCONTESTED FACTS.

Third-party defendant Negrón raised uncontested facts as to the non-existence of a contract wherein Negrón had agreed not to discriminate on the basis of sex while providing services at a facility of the Commonwealth, the defendant to this action, nor that Negrón had agreed to indemnify Universidad for any discriminatory behavior on her part.

*See Negrón's Uncontested ¶1 and ¶2; Universidad's response no. 8 to Plaintiff's Interrogatories.*

Insofar as a claim by third-party plaintiff Universidad and its reasoning for claiming Negrón as indispensable party to this action, it succinctly relates to being the person accused of sexual harassment by plaintiff Ramos-Román and without her testimony the Court cannot have all the facts before it from which to determine whether sexual harassment occurred or not. *Negrón's Uncontested; Exhibit A, Universidad's response no. 7 to Plaintiff's Interrogatories).*

On the above undisputed facts, Negrón submits being entitled to summary judgment for Universidad has no viable allegation against her and no legal theory under which it can recover from Ms. Negrón. The only claim against Universidad under the Amended Third-Party Complaint is one for breach of contract between Commonwealth and Universidad, which is not applicable to Negrón since she was not a party to the contract between the former.

In addition, as to the Third Party Complaint filed by Universidad against Negrón, Ms. Negrón submits no contract exists wherein she had agreed not to discriminate while providing services at Universidad's facilities to the Commonwealth; neither a contract exists wherein Negrón had agreed to indemnify Universidad for any discriminatory behavior on her part.

### B.   CONTESTED/NOT RELEVANT FACTS.

In the opposition third-party plaintiff Universidad submitted in regards to absence of liability claimed by third-party defendant Negrón, reference to the existence of an employment contract and, thus, denies Negrón's undisputed statement that no contract existed between Negrón and Universidad.

The existence and relevance of a contract raised by Universidad is that Negrón had worked for Universidad through temporary contracts which were renewed. *Docket No. 79, Third Party Complaint ¶8*. Contracts signed by third-party defendant clearly stated that she [Negrón] will "commit to comply with all rules and regulations as well as institutional policies." *Universidad's Exhibit 1, employment contract*. Negrón was handed Universidad's institutional policy on sexual harassment, which she signed and which expressly prohibits sexual harassment on the workplace and Universidad's Sexual Harassment institutional policy. *Universidad's Exhibit 2, employee's manual; Exhibit 3, institutional policy*. Negrón admitted to having read and signed both the sexual harassment policies and Universidad's employee's manual. *Exhibit 4, Negrón's depo. of 4-22-2010, p. 11; Exhibit 5, Negrón's depo. of 7-20-2010 p. 11*. Negrón also received from Universidad continuing education on sexual harassment. *Exhibit 5, pp. 11-12. See Universidad's Undisputed at ¶1*. Universidad also submitted additional statement of contested facts that succinctly refer to the same events above.

On the above facts, Universidad submits there are contested issues of material facts that would not allow summary judgment to be entered as requested by Negrón. Thus, if

defendant Commonwealth is found liable in this action as to plaintiff Ramos-Román's harassment claims, and as a result Universidad is found liable to the Commonwealth because of the breach of contract clause in the service contract between Universidad and the Commonwealth, it would be as direct result of Negrón's conduct and actions which she knew were contrary to Universidad's policies. Thus, third-party plaintiff submits the Third-Party Complaint against Negrón filed by Universidad should not be summarily dismissed.

Furthermore, Universidad submits that, pursuant to Fed.R.Civ.P. 14(a), a defendant such as Universidad, may bring a person not a party to the action who is or may be liable to the third party plaintiff for all or part of plaintiff's claims against him. Since the Amended Complaint in this case was filed by plaintiff Ramos-Román against its employer the Commonwealth of Puerto Rico for sexual harassment and hostile work environment for having complained of Negrón's actions, who was at the time a contract employee of Universidad, which in turn held a contract with plaintiff's employer, Universidad was included by Commonwealth in the Amended Third Party Complaint for breach of contract. Then, Universidad filed a Third Party suit against Negrón considering she was under employment contract with Universidad and the claim against third-party defendant Negrón is a derivative suit of the claim brought by plaintiff Ramos-Román against the Commonwealth and in turn the Amended Third Party Complaint filed by the Commonwealth against Universidad.

# LEGAL ANALYSIS

**A.    CONTRACT INTERPRETATION.**

In summary judgment a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. 10 A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc. Civ*. §2722 at 382 (3d ed. 1998). Third-party plaintiff Universidad has presented as exhibits to its opposition temporary employment contracts with Negrón indicating she was to follow the employer's policies against harassment; Negrón's acknowledgment of receipt of employer's policies; receipt of manual regarding sexual harassment; and continuing education regarding harassment provided to Negrón.

To defeat the request for summary disposition filed by third-party defendant Negrón, third-party plaintiff Universidad established there are disputed issues of material facts as to the existence of some contracts of employment with Negrón that it alleges was negated in part in the request for summary judgment filed by Negrón.

Universidad further claims there is evidence raising genuine issues of material facts that: said employment contracts indeed existed between the parties, that is, Universidad and Negrón; pursuant to the contract Negrón was to fulfill her employment responsibilities without incurring in violation of the employment policies as established in the employee's manual; said employment manual addressed issues of harassment; Negrón had acknowledged with her signature receipt and knowledge of these policies and manual; and Negrón had received continuing education from third-party plaintiff in regards to sexual harassment policies and conduct.

The issues herein require additional factual and legal examination than the one submitted by Universidad as to the existence of temporary employment contracts with Negrón.

The service contract between Universidad and the Department of Corrections, as *alter-ego* of defendant the Commonwealth, was signed on March 1, 2004, between Miguel A. Pereira-Castillo, on behalf of the Department of Correction and Rehabilitation, and Dr. Salvador Santiago-Negrón, on behalf of the Universidad Carlos Albizu. *See Docket No. 74, Third Party Amended Complaint, Exhibit I, Contract No. 2004-000010.*

Said service contract between Commonwealth and Universidad, that is, Contract No. 2004-000010, contained in its Eighteenth Clause that Universidad will not engage in discrimination while providing their services. In the relevant clause it provides: "-----EIGHTEENTH: DISCRIMINATION: The CAU promises not to engage in discrimination on the basis of race, color, sex, origin, social status, political or religious views, disability or any other type of discrimination prohibited by law while providing the services contracted herein.-----"

On the grounds of said service contract provision, defendant Commonwealth filed an Amended Third Party Complaint against Universidad for breach of contract. *Docket No. 74, Third Party Complaint ¶ 3.7.*

The Amended Third Party Complaint filed by Commonwealth against Universidad states:

> 3.9 Since all the causes of action alleged by plaintiff in the Amended Complaint against the Commonwealth of Puerto Rico, if proven to be true, constitute a type of discrimination prohibited by law, the Universidad Carlos Albizu has breached its contract obligation with the Commonwealth of Puerto Rico under the Eighteenth clause of Contract No. 2004-000010 by engaging

in discrimination while providing their services. See Exhibit I, supra, page 6, Eighteenth Clause.

On the above grounds Universidad, as third-party defendant in the Amended Third-Party Complaint filed by the Commonwealth, then filed a Third-Party Complaint against Negrón for any amount it may be held liable as to Commonwealth predicated on the liability of Negrón to Universidad from the temporary employment contract and for being an indispensable party under Fed.R.Civ.P. 19. This action is the one object of summary disposition now pending before this Court.

The employment contract letters of Universidad with Negrón submitted in opposition to summary disposition contain a one sentence reference wherein "[b]y accepting this contract, you [Negrón] agree to comply with institutional standards, regulations, and policies." (Exhibit 1).

Universidad herein attempts to construe this one sentence in the temporary employment contract between Universidad and Negrón as encompassing and covering Negrón's liability for any conduct that would result in a claim by a third-party, such as the Commonwealth, that stems from its interpretation of an equivalent hold-harmless clause raised in the original Third-Party Complaint and then resulting in a claim for breach of the service agreement contract between Universidad and the Commonwealth in the Amended Third-Party Complaint. However, no legal theory on liability will sustain Universidad's proposition under the predicate acts of this action.

A hold-harmless agreement is one which one party assumes all or part of the liability inherent in a situation, thereby relieving the other party of responsibility. In analyzing

contractual provisions, Puerto Rico courts look to whether the intention of the parties is clear, conclusive and unequivocal. 31 L.P.R.A. §4.[5]

In its opposition, Universidad failed to discuss any legal theory behind its claim against Negrón insofar as liability from the temporary employment contract *vis a vis* the liability under the services contract of Universidad with the Commonwealth. Regardless of the alleged issues of fact in controversy raised by Universidad on the existence of an employment contract, the claim as to which Universidad might be held liable to defendant the Commonwealth for plaintiff Ramos-Roman's complaint is not one for sexual harassment. Rather the Amended Third Party Complaint was filed for breach of contract under the Eighteenth Clause of the contract between Universidad and Commonwealth.

The liability of the third-party plaintiff Universidad and the resulting alleged liability of Negrón stem from what it interprets to be an equivalent hold harmless clause of a contract between Universidad and the Commonwealth, a breach of contract, and in turn a breach of the employment contract. Seemly Universidad seeks for this Court to conclude that, upon the existence of temporary employment contract for teaching services held between Negrón and Universidad, Negrón should be considered to have also executed a sort of hold harmless agreement as to Universidad for any policy or manual violation which resulted in Universidad's liability to a third party under the later's determination to grant

---

[5] Under Puerto Rico law, the parties may generally "bargain for a 'hold harmless' agreement that indemnifies the indemnitee for varying degrees of liability.... If the parties' intent is clear, these provisions will be upheld so long as the court finds no breach of duty to the public." R.L. Meyers III & D.A. Perelmann, *Risk Allocation Through Indemnity Obligations in Construction Contracts,* 40 S.C. L.Rev. 989, 990-991 (1989), *cited approvingly in Torres Solís v. Autoridad de Energía Eléctrica de P.R.,* 136 D.P.R. 302, 313-16 (1994) (holding an indemnity clause enforceable).

a separate contract for services, that was not mentioned nor made part of Negrón's employment contract .[6]

Employment contract interpretation between Universidad and Negrón does not fit so smoothly and easily under the above set of events and factual scenario[7] and thus Negrón's request for summary disposition is warranted because no contract existed between the parties [Universidad/Negrón] wherein she would be liable under any theory presented in Universidad's Third Party Complaint. (Docket No. 79).

**B.    INDISPENSABLE PARTY**.

On the issue that Negrón should be considered an indispensable party to the action as raised by Universidad in opposition to summary judgment Federal Rule of Civil Procedure 14(a) provides:

> (a) When a Defending Party May Bring in a Third Party.
>
> (1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

---

[6] Exculpatory clauses generally fall within the rule that since they are not favored, they are strictly construed. Richard A. Lord, §32:20. Interpretation of contracts, 11 *Williston on Contracts* §32:20 (4th ed.).

[7] The validity of an exculpatory agreement, which was not discussed by third-party plaintiff Universidad herein, is one to be determined by considering whether the parties expressed in clear and unambiguous language their intention, it the contract was fairly entered into between parties with same bargaining power, among other factors. The one sentence referred to in the temporary employment contract, without more, does not raise a genuine issue of material fact in controversy.

A third-party claim, being by definition dependent on the resolution of the original suit, falls within the court's ancillary jurisdiction over that suit.[8] Plaintiff Ramos-Román could not have brought the claim against third-party defendant Negrón for lack of individual liability under federal statute. Thus, the resulting claim of third-party plaintiff Universidad against Negrón emanates from the possibility Negrón may be liable for all or part of the claim, which we have above discussed does not stem from the temporary employment contract between Universidad and Negrón nor under any colorable claim of derivative liability from which Negrón could be held financially responsible to Universidad. Neither is there any tort or pendant state claim in this action from which Negrón's liability may evolve. As a matter of fact, a careful review of the Third Party Complaint shows that none of these grounds are asserted to justify the claim filed against Negrón. However, the Third Party Complaint stems in essence from Negrón allegedly being an indispensable party.

Third-party plaintiff Universidad's contention that it should be required to bring Negrón under Fed.R.Civ.P. 14 is quite different to its discussion thereafter as to the party being indispensable. *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1443 (2d ed.1990) (explaining that "whether a third-party defendant may be impleaded under Fed.R.Civ.P. 14 continues to be a question addressed to the sound discretion of the trial court"). Rule 14 delineates the circumstances in which a plaintiff may assert claims against a newly added third-party defendant.

---

[8] Third party claims, being by definition logically dependent on the resolution of the original suit, fall within the court's ancillary jurisdiction over that suit. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404 (1978); Metropolitan Life Ins. Co. v. Ditmore, 729 F.2d 1, 9 (1st Cir. 1984).

Pastor L. Ramos Román v. Commonwealth, et al
Civil No. 08-1378 (CVR)
Opinion and Order
Page No. 16

---

The sequence of pleadings in this action and the relevant causes of action between the parties above discussed tend to show, however, that Negrón is not indispensable. An indispensable party insofar as the cause of action between the Commonwealth and Universidad deals not with sexual harassment claim derivative from a violation of an employment contract but rather with an equivalent to a hold harmless clause, breach of contract claimed, contained in a service contract between Universidad and the Commonwealth, for which Negrón is not indispensable but rather may be considered a necessary witness.

On the issue of indispensable party, the same sequential analysis above would serve as guidance. Fed.R.Civ.P. 19 requires the mandatory joinder of parties who are necessary, required or indispensable,[9] while Fed.R.Civ.P 20 allows for permissive joinder. Seemly Universidad considers Negrón as a joint obligor because of the claims related to discrimination, but joint obligors are not indispensable when dealing for damages upon a breach of contract provisions as the one that is discussed in the Third-Party Complaint. *See* In re Olympic Mills Corp., 477 F.3d 1, 10 (1st Cir. 2007) (joint obligors not indispensable); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §

---

[9] Fed.R.Civ.P. 19(a) provides:

a) Persons Required to Be Joined if Feasible.
(1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
 (i) as a practical matter impair or impede the person's ability to protect the interest; or
 (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or' otherwise inconsistent obligations because of the interest.

1613, at 177–78 (3d ed. 2001) ("Joint obligors thus typically are treated as Rule 19(a) parties, but are not deemed indispensable under Rule 19(b)).")

As such, Negrón is not an indispensable party. However, she may be subject of compulsory attendance as a witness for the factual predicates of the claims by any of the parties to the case, including third-party plaintiff Universidad.

In conclusion, third-party plaintiff's opposition and issues of material facts in controversy raised by third-party plaintiff Universidad in its opposition seem to establish initially there are genuine issues of disputed facts in controversy, mainly as to the existence of a contract between Universidad and Negrón. The extent of the liability under said contract is what forces the issue as undisputed. However, Universidad limits its discussion to this factual predicate without distinguishing the source of the cause of action it claims against Negrón in the Third Party Complaint (indispensable party, not sexual harassment) and are not relevant to the summary judgment disposition herein.

Thus, as to the relevant issues of liability that Universidad may establish as to Negrón from the Third-Party Complaint and there being no relevant genuine issues of disputed facts and applicable law above discussed, summary disposition of the claims in the Third-Party Complaint is warranted.

## CONCLUSION

In view of the foregoing, third-party defendant Griselle M. Negrón-Rodríguez' Motion for Summary Judgment is **GRANTED**. (Docket No. 138). Dismissal is thus allowed as to claims against third-party defendant Griselle M. Negrón-Rodríguez in the Third-Party Complaint filed by Universidad Carlos Albizu, Inc. (Docket No. 79).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of April of 2011.

                               s/CAMILLE L. VELEZ-RIVE
                               CAMILLE L. VELEZ-RIVE
                               UNITED STATES MAGISTRATE JUDGE